# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDWARD W. BERRY, JR., )
           Plaintiff, ) Case No. 2:15-cv-01156-JAD-CWH
)
vs. ) **REPORT AND RECOMMENDATION**
)
STATE OF NEVADA, *et al.*, )
           Defendants. )
_____)

This matter is before the Court on Plaintiff Edward W. Berry, Jr.'s ("plaintiff") application to proceed in forma pauperis (doc. # 1), filed June 18, 2015.

## BACKGROUND

Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983 for false imprisonment and for violation of his Sixth Amendment rights, arising from plaintiff's conviction on charges in Nevada state court. In support, plaintiff alleges that: (1) his public defender "persuade[d]" him, under "false pretenses," to enter a guilty plea; (2) the state district judge erred in denying his motion to withdraw his guilty plea; and (3) no evidence exists to support his conviction and incarceration.

## DISCUSSION

**1.  In Forma Pauperis Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, plaintiff's request to proceed in forma pauperis is granted. The Court now turns to plaintiff's complaint pursuant to § 1915(e).

**2.     Screening the Complaint**

Upon granting a request to proceed in forma pauperis, federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or that entity's officer or employee. See 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss those claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements of § 1915A, under the Prison Litigation Reform Act of 1995 ("PLRA"), a federal court must also dismiss a prisoner's claims "if the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), and courts applying the same standard under § 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Laboratory Corp. of America, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that a plaintiff cannot prove any set of facts in support of a claim that would entitle him or her to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, a court takes as true all allegations of material facts stated in the complaint, and the court construes them in the light most favorable to plaintiff. See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id., see also Papasan v. Allain, 478 U.S. 265, 286 (1986).

//

All or part of a complaint filed by a prisoner may therefore be dismissed sua sponte if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Here, plaintiff seeks damages under 42 U.S.C. § 1983 for false imprisonment and for violation of his Sixth Amendment rights. Where a § 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-87 (1994). The U.S. Supreme Court has declared that Heck applies, regardless of the form of remedy sought, if the § 1983 action implicates the validity of an underlying conviction or prison disciplinary sanction. See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997). In this case, plaintiff's claims for false imprisonment and for violation of his Sixth Amendment rights imply the invalidity of his conviction and incarceration. Yet, plaintiff has not alleged in his complaint that his conviction or sentence has been reversed or otherwise invalidated. Because the Court is not permitted to adjudicate a § 1983 complaint for an allegedly unconstitutional conviction or imprisonment absent an allegation or evidence showing the conviction or sentence was reversed, expunged, declared invalid, or questioned by the writ of habeas corpus, plaintiff's complaint should be dismissed.

**CONCLUSION, ORDER, AND RECOMMENDATION**

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's application to proceed in forma pauperis (doc. # 1) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file plaintiff's complaint (doc. # 1-1) on the record.

**IT IS FURTHER RECOMMENDED** that plaintiff's complaint (doc. # 1-1) be **dismissed** for failure to state a claim upon which relief can be granted.

//

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The U.S. Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This circuit has also held that failure to file objections within the specified time, and failure to properly address and brief the objectionable issues, waives the right to appeal the district court's order and/or appeal factual issues from the order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED: June 23, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**