UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Edward W. Berry, Jr.,

Plaintiff

v.

State of Nevada, et al.,

Defendants

Case No.: 2:15-cv-01156-JAD-CWH

**Order Adopting Report and Recommendation [Doc. 2], overruling objections [Doc. 4], and Dismissing Case**

This civil rights case arises from Plaintiff Edward W. Berry, Jr.'s Nevada state court conviction for which he is currently imprisoned. Berry alleges that (1) his public defender "persuade[d]" him, under "false pretenses," to enter a guilty plea; (2) the state district judge erred in denying his motion to withdraw his guilty plea; and (3) no evidence exists to support his conviction and incarceration.[1]

Magistrate Judge Bill Hoffman granted Berry pauper status and screened his complaint.[2] He concluded that Berry's claims are barred under *Heck v. Humphrey*[3] because they imply the invalidity of his conviction and incarceration and Berry has not alleged that his conviction or sentence has been reversed or otherwise invalidated. Magistrate Judge Hoffman recommends I dismiss Berry's case.[4] Berry objects.[5]

## Discussion

"No review is required of a magistrate judge's report and recommendation unless objections are filed,"[6] and this district's Local Rule IB 3-2(b) requires *de novo* consideration of specific

---

[1] Doc. 1.

[2] Doc. 2.

[3] *Heck v. Humphrey*, 512 U.S. 477 (1994).

[4] Doc. 2 p. 3.

[5] Doc. 4.

[6] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003). *See also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

objections only.[7] In his objection, Berry offers the general argument that he "want[s] to state a claim upon which relief can be granted."[8] Then he repeats several of the allegations in his complaint, including the lack of evidence against him and his claim of ineffective assistance of counsel.[9] However, Berry's generalized objections do not cure —or address in any way— the fatal deficiency that requires Berry's claims to be dismissed.

Having reviewed Magistrate Judge Hoffman's findings and recommendation—along with Berry's objection—de novo, I agree with Judge Hoffman's findings and likewise conclude that Berry's claims are *Heck*-barred. It is well established that a prisoner cannot use §1983 to obtain damages or other relief where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence.[10] Success on either of Berry's claims would necessarily imply the invalidity of his Nevada state court convictions, and Berry has not alleged that these convictions have been invalidated.

## Conclusion

Accordingly, with good cause appearing and no reason for delay, it is hereby ORDERED, ADJUDGED and DECREED that Magistrate Judge Hoffman's report and recommendation **[Doc. 2] is ADOPTED** in its entirety, Berry's objections **[Doc. 4] are overruled**, and this case is **DISMISSED.** The Clerk of Court is instructed to enter judgment accordingly and close this case.

DATED August 20, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[7] *Id.*; *United States v. Burkey*, 2009 WL 1616564, at *2 (D. Nev. June 8, 2009) (finding that defendant did not specifically object to magistrate judge's recommendation denying motion to dismiss criminal indictment, where defendant "copied and posted his Motion to Dismiss and recast it as Objections."); *cf. Carrillo v. Cate*, 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (citing *Burkey* and noting that "generalized objections" do not require *de novo* review).

[8] Doc. 4 p. 1.

[9] *Id.*

[10] *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

2